UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KARLTON E. HOKE, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 08-1325 (RWR) |
| STANLEY WALDERN, | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

This matter is before the Court on a petition for a writ of habeas corpus. Petitioner Karlton Hoke alleges that the actions of the United States Parole Commission have resulted in his remaining in custody beyond the expiration date of the aggregate sentence imposed by the Superior Court of the District of Columbia in 1995. On consideration of the petition and the federal respondents' opposition to it, the petition will be denied.

I.  BACKGROUND

Petitioner pled guilty to possession with intent to distribute cocaine and unlawful possession of ammunition in the Superior Court of the District of Columbia, and the court sentenced him in 1993 to a term of probation. *See* Respondents' Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't Opp'n"), Ex. B (Amended Judgment and Commitment/Probation Order, Case No. F-680-93); Petition for Writ of Habeas Corpus at 1. While on probation, petitioner committed drug offenses to which he pled guilty. Resp't Opp'n,

1

Ex. A (Judgment and Commitment Orders, Case Nos. F-1819-95 and M-15636-94).  As a result, on August 10, 1995, the Superior Court imposed a sentence of three to nine years' imprisonment on one count of attempted possession with intent to distribute cocaine, and imposed a consecutive sentence of 180 days' imprisonment on one count of possession of cocaine.  *See id.*  On August 11, 1995, the Superior Court revoked probation in the 1993 case, imposing instead a sentence of two to six years' imprisonment on one count of possession with intent to distribute cocaine and a concurrent sentence of one year for unlawful possession of ammunition.  *See id.*, Ex. B.  These sentences were to be served consecutively to any other sentence.  *Id.*  His maximum aggregate sentence was 15 years and 180 days.  *Id.*, Ex. O (Warrant Application) at 1.  When the United States Parole Commission ("Parole Commission") released petitioner on parole on January 15, 1999, he was to remain under supervision through September 11, 2010.  *Id.*, Ex. C (Certificate of Parole).

Parole was revoked on two occasions, Resp't Opp'n, Ex. D-E (Notices of Board Order), before petitioner was granted re-parole effective September 13, 2001.  *Id.*, Ex. F (May 5, 2001 Notice of Action).  However, on September 7, 2001, petitioner walked away from the Hope Village Community Corrections Center.  *Id.*, Ex. G (Hearing Summary) at 1.  He was returned to custody upon his arrest on January 13, 2003 "after he was caught in a stolen car."  *Id.* at 2.  As a result, the Parole Commission rescinded parole, required petitioner to serve an additional 16 months' incarceration, and set May 20, 2004 as the new parole effective date.  *Id.*, Ex. H (February 19, 2004 Notice of Action).  As of that date, he was to remain under supervision through September 12, 2011.  *Id.*, Ex. I (Certificate of Parole).

In 2005, the Parole Commission found that petitioner had violated the conditions of his

release by using dangerous and habit forming drugs, failing to submit to drug testing, and violating the law by possessing cocaine. Resp't Opp'n, Ex. J (October 5, 2005 Notice of Action - DC Expedited Revocation) at 1. It revoked parole and set a new parole effective date of May 20, 2006, after petitioner served an additional 10 months' incarceration. *Id.* Petitioner was released on parole on May 20, 2006, and was to remain under supervision through February 12, 2014. *Id.*, Ex. K (Certificate of Parole).

Petitioner's parole was revoked yet again when petitioner was found to have violated a special condition of parole requiring drug aftercare, used dangerous or habit forming substances, and failed to submit to drug testing. Resp't Opp'n, Ex. L (November 14, 2006 Notice of Action) at 1. After petitioner accepted an Advanced Consent to Expedited Revocation, the Parole Commission revoked parole and set June 17, 2007 as the new parole effective date after he served an additional 8 months' incarceration. *Id.* Petitioner was released on parole on June 17, 2007, and was to remain under supervision through July 13, 2014. *Id.*, Ex. M (Certificate of Parole).

Petitioner was arrested on a parole violator warrant on February 24, 2008 and is now in custody pending a revocation hearing. Resp't Opp'n, Ex. N (Warrant) at 2. He is charged with five violations of the conditions of parole, including criminal charges for unlawful entry, possession of crack cocaine, and a violation of the Bail Reform Act.[1] *Id.*, Ex. O (Warrant Application) at 2.

---

[1] The Superior Court issued a bench warrant for petitioner's arrest when he failed to appear at a court-ordered proceeding. *See* Resp't Opp'n, Ex. O at 2.

II.  DISCUSSION

A writ of habeas corpus may extend to a District of Columbia prisoner if he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Petitioner maintains that his current incarceration violates the Constitution because he now has been held beyond the period that his full term was set to expire on his original 1995 sentence.  He argues that all time that he has spent incarcerated or in a halfway house or in a drug treatment facility or on parole must count toward fulfilling the full term expiration of his original sentence imposed in 1995, and he has been denied such credit.[2]

The Parole Commission "has full authority to grant, deny, or revoke a District of Columbia offender's parole, and to impose or modify conditions upon an order of parole." *McQueen v. United States Parole Comm'n*, No. 04-2266, 2005 WL 913151, at *2  (D.D.C. Apr. 19, 2005) (citing D.C. Code § 24-131(a)).  "District of Columbia law mandates that upon the revocation of parole '[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.'" *Bonner v. Waldern*, No. 08-1529, 2008 WL 4153682, at *1 (D.D.C. Aug. 29, 2008) (quoting D.C. Code § 24-406(a)).  Upon each parole revocation, a "petitioner's sentence [is] not increased, but rather, the Commission rescind[s] credit towards completion of that sentence for time spent on parole, as required by D.C. law." *Campbell v. United States Parole Comm'n*, 563 F. Supp. 2d 23, 25 (D.D.C. 2008).

Forfeiture of "street time," then, is consistent with District of Columbia law.  In *Noble v.*

---

[2]     Petitioner also asks this Court to review the Superior Court's dismissal of the habeas petition filed there in April 2008.  This Court lacks such jurisdiction. *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)), *cert. denied*, 513 U.S. 1150 (1995).

*United States Parole Comm'n*, 693 A.2d 1084 (D.C. 1997), a District of Columbia Court of Appeals panel, answering in the affirmative a certified question from the United States Court of Appeals for the District of Columbia Circuit, held that D.C. Code §§ 24-206(a) and 24-431(a) properly are interpreted to mean that, after revocation of a person's parole, the time a person spent on parole before revocation is not credited against his sentence. *Id.* at 1085. The en banc court adopted the panel's opinion. *See Noble v. United States Parole Comm'n*, 711 A.2d 85 (D.C. 1998) (en banc). Forfeiture of street time offends neither the Ex Post Facto, Due Process, nor the Double Jeopardy Clauses of the United States Constitution, and does not violate the Eighth Amendment to the United States Constitution. *See, e.g., Campbell*, 563 F. Supp. 2d at 25-27; *Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001) (en banc) (holding that retroactive application of Noble does not violate due process and ex post facto clauses). The petitioner, then, cannot establish that, because he was denied credit for street time, his current custody is unlawful. No District of Columbia prisoner has a constitutional or statutory right to restoration of street time after parole is revoked. *Maddox v. United States Parole Comm'n*, No. 08-0931, 2008 WL 2396271, at *1 (D.D.C. May 30, 2008).

### III.  CONCLUSION

The petitioner has made no showing that he is in custody in violation of law. Therefore, his petition will be denied. A Dismissal Order accompanies this Memorandum Opinion.

Signed this 24th day of November, 2008.

                                                                   /s/
                                        RICHARD W. ROBERTS
                                        United States District Judge